UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| CLIFFORD LEON HOUSTON,<br>Plaintiff, | ) ) ) | | |
| v. | ) ) ) | No.: | 3:11-MC-25<br>(VARLAN/SHIRLEY) |
| JACK STOCKTON, *et al.*,<br>Defendants. | ) ) ) | | |

| | | | |
|---|---|---|---|
| CLIFFORD LEON HOUSTON,<br>Plaintiff, | ) ) ) | | |
| v. | ) ) ) | No.: | 3:11-MC-26<br>(VARLAN/SHIRLEY) |
| JACK STOCKTON, *et al.*,<br>Defendants. | ) ) ) | | |

| | | | |
|---|---|---|---|
| CLIFFORD LEON HOUSTON,<br>Plaintiff, | ) ) ) | | |
| v. | ) ) ) | No.: | 3:12-MC-2<br>(VARLAN/GUYTON) |
| JAMES F. LOGAN, JR., *et al.*,<br>Defendants. | ) ) ) | | |

## MEMORANDUM OPINION

Before the Court are three *pro se* civil rights actions. Clifford Leon Houston is the plaintiff in all three of the above-captioned cases and in many other cases which have previously been pending before this Court. For the reasons stated below, the Court will terminate each of these three cases. The Court will also enjoin and limit plaintiff from

filing any new civil actions in the Eastern District of Tennessee, and order the Clerk of Court to reject any new civil actions filed by plaintiff without the Court's authorization.

## I. BACKGROUND

In the last eighteen months, plaintiff has submitted eleven sets of papers in the Clerk of Court's drop box in an effort to initiate cases before this Court. Only three of these submissions have been accompanied by applications to proceed *in forma pauperis*.[1] Those three cases were placed on the Court's docket and disposed of on their merits.

Plaintiff's eight other submissions were not accompanied by applications to proceed *in forma* pauperis. Accordingly, these actions were never entered into the docket as active cases and were instead classified as "miscellaneous" matters by the Clerk of Court. Five of these miscellaneous matters have been terminated based upon plaintiff's failure to submit a filing fee or an application to proceed *in forma pauperis*.[2] The three cases now before the Court are also cases in which plaintiff has failed to submit a filing fee or an application to proceed *in forma pauperis*. These three cases, however, have yet to be terminated. The Court will address and dismiss the claims alleged by plaintiff in each of the instant miscellaneous cases in turn.

---

[1] *Houston v. State of Tennessee, et al.*, No. 3:10-CV-482 (Collier, C.J.); *Houston v. Logan*, No. 3:11-CV-97 (Phillips, J.); *Houston v. Wicks, et al.*, No. 3:11-CV-268 (Varlan, J.).

[2] *Houston v. Logan*, No. 3:11-MC-01; *Houston v. Roane County News, et al.*, No. 3:12-MC-01; *Houston v. Hilton, et al.*, No. 3:12-MC-08; *Houston v. Hilton, et al.*, No. 3:12-MC-12; and *Houston v. Clark, et al.*, No. 3:12-MC-14.

A.   Case No. 3:11-MC-25

In Case No. 3:11-MC-25, submitted to the Court on November 19, 2011, plaintiff attempts to bring suit against sixty persons and entities, including, among others: six Roane County Sheriff's officers, the Roane County Attorney, the Roane County Executive, approximately ten attorneys from the law firm of O'Neil, Parker, and Williamson, the Tennessee Attorney General, the Chief Justice of the Tennessee Supreme Court, the State of Tennessee, the Governor of the State of Tennessee, the United States of America, the Postmaster General, and the United States Postal Service.  All individuals are sued in their individual and official capacities.

Plaintiff seeks damages against all defendants under the following: 42 U.S.C. § 1985 for conspiracy to interfere with civil rights and block individuals from reporting federal crimes, as well as under 18 U.S.C. § 2339 for providing material and financing to support a terrorist; 18 U.S.C. § 2332 for committing acts of terrorism transcending national borders and requesting military assistance to enforce prohibitions in emergencies; 18 U.S.C. § 2331 for violations of human rights laws, including the Rome Statute of the International Criminal Court, and for violating plaintiff's civil rights and engaging in a conspiracy to impede and hinder a court of justice, with the intent to deny plaintiff due process of and equal protection under the law, in violation of 42 U.S.C. §§ 1983, 1988, 1343, and 1331.  Plaintiff additionally alleges that defendants neglected to prevent the deprivation of his rights and failed to protect him.  He further alleges that defendants retaliated against a witness, victim, or informant in violation of 18 U.S.C. §

3

1513, tampered with witnesses, victims, or informants in violation of 18 U.S.C. § 1512, committed conspiracy against the rights of citizens in violation of 18 U.S.C. § 241, neglected to prevent a conspiracy in violation of 42 U.S.C. § 1986, and committed violations of Tennessee law under Tenn. Code Ann. §§ 29-20-101 and 8-8-301. Lastly, plaintiff asserts that defendants have violated hate crime laws.

As "factual background" to support his claims, plaintiff asserts that in 2007, a law suit, Civil Complaint No. 13823, was filed against him, his brother Rocky Joe Houston, and various Roane County officials, by an individual in connection with the death of Michael Brown. Plaintiff alleges specifically that on September 9, 2010, defendants conspired "to forge and or fabricate the signature of the Tennessee State Chief Justice 'Cornelia A. Clark a stateing [sic] that circuit court judge Amy V. Hollars had been designated and assigned to hear civil case No. 13823 to its conclusion," and to move forward with civil proceedings in plaintiff's case without jurisdiction or authority [Case No. 3:11-MC-25, Doc. 1 at 11]. Plaintiff further alleges that defendants conspired to block him from reporting federal crimes, thereby violating his rights under the First, Fourth, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments to the United States and Tennessee Constitutions, and conspired to use excessive force, causing serious bodily injury to his shoulder, while forcibly removing him from Chancery Court in Roane County on November 19, 2010. Plaintiff alleges that defendants conspired to unlawfully allow his attorney in Civil Complaint No. 13823 to withdraw from his case, not to allow him to obtain a refund for legal fees paid, to illegally transfer his case from Roane

County, and to illegally forward him an order continuing a motion hearing in Civil Complaint No. 13823. Plaintiff further asserts that defendants conspired not to disclose conflicts of interest existing between the courts, the clerk's offices, and other parties.

Plaintiff seeks $5,000,000 in compensatory and $5,000,000 in punitive damages. This case was assigned to the undersigned and Magistrate Judge Shirley.

    **B.**     **Case No. 3:11-MC-26**

In Case No. 3:11-MC-26, submitted to the Court on December 3, 2011, plaintiff purports to bring suit against one hundred twenty-five defendants, several of whom are named in both their official and individual capacities and some who remain unnamed. Among others, the named defendants include: United States Chief District Judge Curtis L. Collier, United States District Judges Thomas A. Varlan and Thomas W. Phillips, the Chief Justice of the Tennessee Supreme Court, several law enforcement officers, attorneys, and state judges (active and retired), the United States Postal Service, several employees at the Roane County News, the Governor of the State of Tennessee, the Roane County Attorney General, the Davidson County Government, the United States Attorney General, the Federal Bureau of Investigation and its Director, the Knox County Government, the Tennessee Bureau of Investigations and its Director, and the Clerk of the United States District Court.

In this purported civil rights action, plaintiff alleges statutory violations of virtually identical provisions of the United States Code as he does in Case No. 3:11-MC-25. As factual support, plaintiff claims that on February 18, 2009, all of the named

5

defendants conspired to forge the signature of then Tennessee Supreme Court Chief Justice Janice M. Holder, "on a fraudulent document stating that David F. Hayes 'Retired judge' had been designated and assigned to hear the plaintiff's criminal case No. 13702 A & B to its conclusion." [Case No. 3:11-MC-26, Doc. 1 at 11]. Plaintiff alleges that Senior Judge Hayes did not subscribe to an oath prior to presiding over his case, as required by Tenn. Code Ann. § 17-2-120, and that defendants, without jurisdiction over his case, conspired to allow plaintiff's attorney, James F. Logan, Jr., to withdraw as counsel in his criminal case on July 23, 2009, thereby denying his Sixth Amendment right to assistance of counsel, as well as his due process and equal protection rights under the Fifth and Fourteenth Amendments. Plaintiff also again alleges that defendants conspired to fabricate and forge a document signed by current Tennessee Supreme Court Chief Justice Cornelia A. Clark.

Plaintiff further contends that defendants conspired to deny him access to the Roane County Circuit Court and Roane County Criminal Court Clerks' offices to prevent him from learning that Senior Judge Hayes had not been administered an oath. Plaintiff additionally asserts that defendants thereafter conspired to enter a fraudulent "Oath of Special Judge and Oath of Office," which does not include the hour and time of filing, as required for authenticity of the oath. Plaintiff further claims that he and his brother, Rocky Joe Houston, should have been present as the oath was administered to Senior Judge Hayes in open court, as he considers the administration of such an oath to have been a major stage of the criminal proceedings against them.

Next, Plaintiff submits that he received a bill with a balance of $242,214.98 from James F. Logan, Jr., in August 2010, and that this invoice is an attempt to defraud plaintiff and his family. He additionally alleges that Chancellor Frank V. Williams, III, illegally and maliciously has refused to recuse himself from a civil case plaintiff filed in Roane County Chancery Court. Plaintiff claims that he filed a motion to stay foreclosure proceedings in Roane County and that several named defendants scheduled a hearing on the motion without his consent, thereby violating his constitutional rights. He also asserts that defendants conspired to kidnap, seize, falsely arrest, and search him on December 2, 2010, without probable cause, violating his Fourth Amendment rights under the United States and Tennessee Constitutions.

Plaintiff claims that the named defendants conspired with defendant United States Postal Service to commit contract and real estate fraud from February 19, 2009, to December 2, 2010, violating his Eighth Amendment rights. He also contends that employees of the Roane County News conspired to publish slanderous, misleading, and defamatory statements about him and his brother in early December 2010, leading the public to falsely believe he had been held in contempt of court. Finally, plaintiff additionally alleges violations of his First Amendment rights to redress grievances, and to free speech and free exercise and use of a public office, his Sixth Amendment rights to a fair, speedy, and public trial, and not to have attorney-client privilege breached, and his Eighth Amendment right to be free from the infliction of cruel and unusual punishment.

Plaintiff prays for relief in the form of $5,000,000 in punitive and $5,000,000 in compensatory damages, and requests a jury trial. This case was assigned to District Judge Phillips and Magistrate Judge Shirley. District Judge Phillips recused himself on December 7, 2012 [Case No. 3:11-MC-26, Doc. 2] and this case was reassigned to the undersigned on August 29, 2012 [Case No. 3:11-MC-26, Doc. 3].

### C.    Case No. 3:12-MC-2

In Case No. 3:12-MC-2, a purported civil rights action submitted to the Court on January 17, 2012, plaintiff attempts to bring suit against twenty-five defendants, including United States Chief District Judge Curtis L. Collier, United States District Judge Thomas W. Phillips, and United States Magistrate Judge H. Bruce Guyton. Other purported defendants include: United States Attorney William C. Killian, the State of Tennessee, the State of Ohio, the United States Attorney General, the Governor of the State of Tennessee, the Director of the Federal Bureau of Investigation, and the Secretary of Defense. In this suit, plaintiff alleges statutory violations of virtually identical provisions of the United States Code as he does in Case Nos. 3:11-MC-25 and 3:11-MC-26. In the "factual background," plaintiff cites 28 U.S.C. 355(a) and discusses the recusal of District Judge Phillips in Case No. 3:11-MC-26, as well as suits plaintiff has previously filed against Judge Phillips and subpoenas he has attempted to have issued for Judge Phillips's appearance in state criminal courts. Plaintiff asserts that a conflict of interest exists between himself and Judge Phillips, and he alleges similar conflicts between himself and Magistrate Judge Guyton.

Plaintiff further claims that defendants Chief District Judge Collier, District Judge Phillips, Magistrate Judge Guyton, Attorney James F. Logan, Jr., and his law firm, the State of Tennessee, and the United States of America "did maliciously combine, conspire and did agree with each other to deny to the plaintiff his constitutional rights to fully disclose real conflicts of interest that did exist and still does exist between the plaintiff and defendant Thomas W. Phillips[.]" [Case No. 3:12-MC-2, Doc. 1 at 19-20]. Plaintiff alleges that despite having had conflicts of interest, the same defendants conspired to prepare, sign, and enter an order dismissing his request for a federal injunction, in violation of his rights under Fifth and Fourteenth Amendments. Plaintiff again asserts that defendants violated his First Amendment right to redress grievances, his Sixth Amendment rights to a fair, speedy, and public trial, and his Eighth Amendment right to be free from cruel and unusual punishment. He asserts that other of the named defendants maliciously conspired with the above-mentioned defendants to conceal the alleged conflicts of interest, as well as to deny him the right to present oral argument and to report federal crimes, including human rights violations, real estate fraud, contract fraud, terrorism, and treason.

Next, plaintiff asserts that Chief District Judge Collier, District Judge Phillips, and Magistrate Judge Guyton, together with James F. Logan, Jr., the State of Tennessee, the Knox County Government, the United States of America, Julie Brock, Linda M. Niesen, and the State of Ohio, conspired to steal $242,214.98 from him. He further alleges that Richard Lambert, the Federal Bureau of Investigation, William C. Killian, Robert E.

Cooper, Jr., Governor Bill Haslam, the Knox County Government, the State of Tennessee, the State of Ohio, the United States of America, and Eric H. Holder, all had knowledge that the alleged wrongs were going to be committed against him, that they each had a duty to prevent such wrongs, and that they failed to do so.

In this case, plaintiff demands $5,000,000 as compensatory and punitive damages from nine of the named defendants and $25,000,000 from fifteen of the named defendants. Plaintiff also cites 18 U.S.C. § 4 and § 5 and asserts that the misprision of a felony statute requires that the Court report the violations he alleges in his Complaint to the Secretary of Defense, Leon Panetta. This case was assigned to District Judge Phillips and Magistrate Judge Guyton. Magistrate Judge Guyton recused himself on January 20, 2012 [Case No. 3:12-MC-2, Doc. 2]. This case was reassigned from District Judge Phillips to the undersigned on August 29, 2012 [Case No. 3:11-MC-26, Doc. 3].

## II. ANALYSIS

"Pursuant to its inherent powers, a court in the Sixth Circuit may impose sanctions to curb vexatious, bad faith litigation if the claims are meritless, the litigant knew or should have known that the claims are meritless, and the claims were filed for an improper purpose." *Halliburton v. United States*, 59 F. App'x 55, 57 (6th Cir. 2003) (citing *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512 & 519 (6th Cir. 2002)); *see also Kersh v. Borden Chem. Div. of Borden, Inc.*, 689 F. Supp. 1442 (E.D. Mich. 1988). In each of the above-captioned cases, the Court finds that plaintiff has engaged in sanctionable, bad-faith litigation. The Court finds that plaintiff's

submissions contain meritless claims, consisting of far-fetched and expansive allegations against all manner of United States and state officials, and that he knew or should have known that such claims were meritless when he brought them.  The Court further finds that plaintiff's submissions were brought to the Court for an improper purpose and to clog the Court's docket.

After reviewing plaintiff's submissions at length, the Court first finds that the claims alleged in those submissions are meritless.  As mentioned above, the Court notes that each of plaintiff's three submissions includes what appear to be identical copies of the same pages listing alleged violations of the same provisions of the United States Code.  The submissions also include duplicative defendants, as well as similar allegations of vast conspiracies and forgery of court documents with no factual basis for any of the claims.  The Court finds that in continuing to submit purported suits against duplicative defendants with similar claims of conspiracy and then failing to further pursue any of his claims, plaintiff has attempted to stall the judicial process without prosecuting any of his claims legally.  This fact is further evidenced by plaintiff's continual attempts to name district judges and magistrate judges from the Eastern District of Tennessee as defendants, with baseless wide-ranging conspiracy claims alleged against them, and with the apparent sole purpose being to require those judges to recuse themselves from his purported suits.  Moreover, the prolific filings of meritless claims by plaintiff have previously been recognized by Chief District Judge Collier in enjoining plaintiff's brother, Rocky Joe Houston, from filing similar baseless and meritless suits.  Chief

District Judge Collier noted that District Judge James H. Jarvis previously took "judicial notice of the fact that [Rocky Joe Houston's] brother is also a frequent litigator." [Case No. 3:07-CV-187, Doc. 4 at 22, n.9 (internal quotation marks omitted)]. The Court also finds that plaintiff's failure to pay the filing fee[3] or take the time to complete an application *in forma pauperis* demonstrates a lack of follow-through and indicates that plaintiff's intent in attempting to bring extensive litigation is to harass rather than to pursue claims that he believes to have merit.

Additionally, while the Court recognizes that plaintiff is *pro se* and that *pro se* pleadings should be liberally construed and held to a less stringent standard than the filings of licensed attorneys, *McNeil v. United States*, 508 U.S. 106, 113 (1993), the fact that plaintiff has *pro se* status does not eliminate the requirement that he comply with relevant rules of procedure and substantive law. *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988). Accordingly, while the Court need not address the plaintiff's complaints on their merits because they are objectively factually frivolous and have been submitted in bad faith, the Court notes that many of the allegations lodged by plaintiff are brought outside of the relevant statutes of limitations. *See Dellis v. Corr. Corp of Am.*, 257 F.3d

---

[3] In relevant part, the applicable Local Rule states, "[t]he Clerk shall require advance payment of fees before any civil action suit or proceeding (other than those authorized to be brought *in forma pauperis*) is filed." E.D. Tenn. L.R. 4.4 (2008). Moreover, "[w]hen a pleading is received for filing and is unaccompanied by either the required filing fee or an application to proceed *in forma pauperis*, the Clerk shall note 'received' and the date received on the pleading and immediately notify counsel or the party who submitted the pleading that the pleading is held but not filed pending receipt of the required filing fee or a completed application to proceed *in forma pauperis*." E.D. Tenn. L.R. 4.5 (2008). As stated above, in the instant cases, plaintiff has neither submitted the appropriate application nor paid the filing fees required to go forward with his lawsuits.

508, 511 (6th Cir. 2001). In that respect, the Court further notes that many of the purported defendants in these matters are also immune from suit. *See* U.S. Const. amend. XI; *Nevada v. Hall*, 440 U.S. 410, 414 (1979).

Next, the Court finds that plaintiff knew or should have known that his purported claims were meritless. Each of the complaints appears to list all persons who plaintiff perceives to have done wrong to him, as well as dozens of persons who have never participated in any transaction or occurrence with plaintiff. Plaintiff attempts to bring suit against defendants such as the United States of America, the State of Tennessee, the State of Ohio, Tennessee Supreme Court Justices, federal dudges, state judges, the Director of the Federal Bureau of Investigation, the Secretary of Defense, and many other officials. No information before the Court indicates that plaintiff has had any interaction or dealings with any of those high-ranking officials and named entities. Moreover, as noted above, plaintiff's failure to pay the necessary filing fee or to fill out and submit an application to proceed *in forma pauperis* demonstrates a lack of belief in the merit of his claims to the extent that he finds it necessary to proceed forward with the filing of them.

Finally, the Court finds that these claims were filed for an improper purpose and that plaintiff has inundated this Court with submissions meant only to clog the Court's docket. Plaintiff has moved for the recusal of every judge seated for this Court in Knoxville, Tennessee, in an apparent attempt to make his cases immune from adjudication. The Court has allowed plaintiff to bring his submissions to the Court for over eighteen months, and the Court has gained longitudinal knowledge of plaintiff's

pattern and practice of using frivolous litigation to harass agents of this Court, agents of the state of Tennessee, agents of Roane County, and all persons who have had even a tangential connection to plaintiff.  Plaintiff's pattern includes accusing his purported defendant officials of all manner of wrongdoing, including criminal violations, with no proof or factual basis of merit to support his allegations.  Based upon this knowledge and plaintiff's submissions as a whole, the Court finds that plaintiff's claims and submissions have been brought for an improper purpose.

Accordingly, the Court finds that plaintiff's claims and submissions are meritless, that plaintiff knew or should have known that the claims were meritless, and the claims and submissions were filed for an improper purpose.  The Court will, therefore, impose sanctions to curb plaintiff's vexatious, bad faith litigation.  *See Halliburton*, 59 Fed. App'x at 57.  Additionally, the Court will direct the Clerk of Court to terminate Case No. 3:11-MC-25, Case No. 3:11-MC-26, and Case No. 3:12-MC-2, as they are frivolous, have been brought in bad faith, and have not been filed pursuant to the requirements of all relevant rules of this Court.

### III. SANCTIONS

District courts are obligated to protect themselves and the judicial system from vexatious litigants.  *See In re McDonald*, 489 U.S. 180, 184 n.8 (1989).  As referenced above, on May 30, 2007, the Honorable Curtis Collier, Chief United States District Judge for the Eastern District of Tennessee, found that an injunction was "absolutely necessary" to prevent plaintiff's brother, Rocky Joe Houston, from engaging in a similar pattern of

bad-faith litigation [Case No. 3:07-CV-187, Doc. 4 at 21].[4]  Similarly, the Court now finds that an injunction limiting plaintiff's ability to file future lawsuits is absolutely necessary to protect this Court and to protect the ability of other litigants to access this Court.  This Court has already utilized substantial resources addressing each of plaintiff's claims and submissions and dealing with his previous and similar attempts to initiate litigation.  The Court finds that no other sanction would remedy this situation.  The Court will, however, impose narrowly tailored and carefully considered injunctive relief, as follows:

Clifford Leon Houston and anyone in privity with him are hereby **PRECLUDED, RESTRAINED,** and **ENJOINED** from filing any new civil actions in the United States District Court for the Eastern District of Tennessee, if such actions arise out of the same facts, transactions, and/or occurrences, and/or are related to, the same broad conspiracies alleged in every other case or matter filed by Clifford Leon Houston in the Eastern District of Tennessee.  Further, Clifford Leon Houston is **PRECLUDED, RESTRAINED,** and **ENJOINED** from filing any new civil action in the Eastern District

---

[4] In determining that restricting Rocky Joe Houston's future access to federal court should be restricted, Chief District Judge Collier utilized the six-factor test set out by the Second Circuit in *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986), which was adopted in *Kersch* and has been cited by courts in the Western District of Tennessee [Case No. 3:07-CV-187; Doc. 4 at 14].  The six factors are as follows: (1) whether the litigant's filing history entails vexatious, harassing, duplicative lawsuits; (2) whether the litigant's motive in such filings is malicious; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the court system; (5) whether other sanctions would protect the courts and other parties; and, ultimately, (6) whether the vexatious litigant is likely to continue to abuse the judicial process.  *Safir*, 792 F.2d at 24.  Here, the Court finds that applying the six factors to plaintiff's litigation history also leads to the conclusion that it is appropriate to restrict his future access to federal court.

of Tennessee against: (1) the state of Tennessee; (2) any governmental agency, official, or employee of the state of Tennessee; (3) any municipality or any municipal official or law enforcement agent located within the Eastern District of Tennessee; or (4) any state, municipal, or federal judge, court official, or employee within the jurisdiction of the United States Court of Appeals for Sixth Circuit for actions taken in the course of their official duties as judge, official, or employee, **without first obtaining, from the undersigned, a written certification that the complaint has some legal and factual merit, or, if the undersigned is not available, from another United States District Judge in the Eastern District of Tennessee**.

This pre-filing requirement is **DEEMED** a condition precedent to the commencement of any legal action by Clifford Leon Houston. Mr. Houston's failure to seek the undersigned's certification will permit the Court in which the case is filed to *sua sponte* dismiss or terminate the case. Any filing fee paid will be forfeited. Mr. Houston also risks contempt of court for such filing. Moreover, the Clerk of Court is hereby **PRECLUDED, RESTRAINED,** and **ENJOINED** from accepting any complaint filed by Mr. Houston unless the complaint includes the undersigned's certification.

To obtain certification, Clifford Leon Houston must comply with the following requirements:

1. He must file a "Motion Pursuant to Court Order Seeking Leave to File," with any proposed complaint.

2. As an exhibit to that motion, he must attach a declaration or sworn affidavit certifying: (a) the claim is a new issue which has previously never been raised by him in any court and is unrelated to the conspiracies he has alleged in prior filings; (b) the claim is not frivolous; (c) the claim is not made maliciously or in bad faith; and (d) he pledges to fulfill his obligation under Rule 41(b) of the Federal Rules of Civil Procedure to diligently prosecute the case.

3. By means of a second exhibit, Mr. Houston must identify and list: (a) the full caption of each and every suit that has been previously filed by him in any court against each and every defendant in the suit that he wishes to file, and (b) the full caption of each and every suit which has been previously filed by him or on his behalf and is pending.

4. Failure to comply with or satisfy the terms of this Memorandum Opinion is grounds for this Court to deny any motion for leave to file made by Mr. Houston or anyone filing on his behalf.

5. Mr. Houston shall append this Memorandum Opinion to any new action he may hereinafter file in any court.

6. Nothing in this Memorandum Opinion shall be construed as having any effect on Mr. Houston's ability to defend himself in any criminal action which has been or may be brought against him or his ability to file a petition for writ of habeas corpus.

## IV. CONCLUSION

The Court **DIRECTS** the Clerk of Court to **TERMINATE Case No. 3:11-MC-25, Case No. 3:11-MC-26, and Case No. 3:12-MC-2**, for failure to submit a filing fee or an application to proceed *in forma pauperis* and based upon these cases having been brought in bad faith. Further, it is **ORDERED** that Clifford Leon Houston be **PRECLUDED, RESTRAINED,** and **ENJOINED** to the extent delineated above. The Court **RETAINS** the ability to modify this Memorandum Opinion. An appropriate order will be entered.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE